UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CALVIN EDWARD WEAVER, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:18-CV-1652 |
| | § | |
| BRYAN COLLIER, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER TO ANSWER

State inmate Calvin Edward Weaver has filed a complaint under 42 U.S.C. § 1983, alleging violations of his civil rights while incarcerated by the Texas Department of Criminal Justice - Correctional Institutions Division. Weaver proceeds *pro se* and he has been granted leave to proceed *in forma pauperis*.

The Court has screened the pleadings pursuant to 28 U.S.C. § 1915A and finds that an answer from the defendants is necessary: Accordingly, the defendants are hereby notified of suit through delivery of the complaint to Jacqueline Lee Haney, Assistant Attorney General, Law Enforcement Defense Division, and the Court **ORDERS** as follows:

1. The defendants shall have **forty (40) days** from receipt of this order to answer. The defendants shall respond to each and every factual and legal allegation in plaintiff's complaint.

2. Within **thirty (30) days** after an answer is filed, the parties are to disclose to each other all information relevant to the claims or defenses of any party. The parties shall promptly file a notice of disclosure with the Court after such disclosure has taken place. No further discovery will be allowed except on further order of the Court. Further, conferences under Rule

26(f) and 16(b) of the Federal Rules of Civil Procedure are not required except on further order of the Court.

3. <u>The defendants shall file any dispositive motion, including a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, within **ninety (90) days** after the date the defendants' answer is due</u>. The defendants shall submit, with a business records affidavit, copies of any documents relevant to plaintiff's claims and the defendants' defenses, including copies of any written TDCJ policies or written unit rules relevant to the alleged events forming the basis of this lawsuit. If any of the conditions or events alleged in this lawsuit occurred at a jail or facility other than state prison, the defendants shall state whether plaintiff was a pretrial detainee or a convicted felon when the conditions or events alleged in this lawsuit occurred and provide any available information concerning plaintiff's status.

4. The plaintiff will respond to any motion to dismiss or motion for summary judgment within **thirty (30) days** of the date in which the defendants mailed plaintiff his copy, as shown on the defendants' certificate of service. <u>Failure of the plaintiff to respond to the defendants' motion within the time limit may result in dismissal of this action for want of prosecution under Rule 41(b) of the Federal Rules of Civil Procedure.</u>

5. In addition, each party shall serve the other party, or his counsel, with a copy of every pleading, motion, or other paper submitted for consideration by this Court. Service shall be by mail to the other party. Every pleading, motion, or other document filed with the Clerk of the Court shall be signed by at least one attorney of record in his individual name, whose address shall be stated, or if the party is proceeding *pro se*, by said party, with address likewise stated. In the case of the *pro se* party, only signature by the *pro se* party will be accepted. If a layman

signs a pleading, motion, or other document on behalf of a *pro se* party, such document will not be considered by the Court.

6. Every pleading, motion, or other document shall include on the original a signed certificate of service stating the date a true and correct copy of the pleading, motion, or document was mailed and to who mailed. Failure to mail a copy thereof as certified will subject that party to sanction by the Court. Sanctions may include, but are not limited to, automatic striking of the pleading, motion, or other document.

7. There will be no direct communications with the United States District Judge or Magistrate Judge assigned to this case. Communications must be submitted to the Clerk with copies to the other party. *See* Rules 5(a) and 11 of the Federal Rules of Civil Procedure.

8. **The Clerk will provide a copy of this Order to the parties. The Clerk shall further provide a copy of this Order, along with a copy of the plaintiff's Complaint [Doc. # 1] to Jacqueline Lee Haney, Assistant Attorney General for the State of Texas, Law Enforcement Defense Division, 300 W. 15th Street, Austin, Texas 78701, by Fax: 512-936-2109.**

It is so ORDERED.

SIGNED on this 2nd day of July, 2018.

_____
Kenneth M. Hoyt
United States District Judge