IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CALVIN EDWARD WEAVER, § | | |
| TDCJ NO. 820796, § | | |
| *Plaintiff,* § | | |
| § | | |
| v. § | | CIVIL ACTION NO. 4:18-CV-1652 |
| § | | |
| BRYAN COLLIER, ET AL., § | | |
| *Defendants.* § | | |

### DEFENDANTS OWUSU AND GONZALEZ' MOTION TO DISMISS PURSUANT TO RULE 12(B)

Defendants Kwabena Owusu, M.D. and Jose Gonzalez, through the Office of the Attorney General, file this motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. In support, Defendants offer the following:

#### STATEMENT OF THE CASE

At all times relevant to this lawsuit, Plaintiff Calvin Weaver was an inmate at the C.T. Terrell Unit of the Texas Department of Criminal Justice ("TDCJ") located in Rosharon, Texas. He filed suit on May 16, 2018, pursuant to 42 U.S.C. § 1983, alleging Defendants violated his due process rights and were deliberately indifferent to his serious medical need. ECF No. 1 at 3–5; ECF No. 1-1 at 1. Specifically, Weaver alleges he was diagnosed "as being hyper-allergic to the wool blanket issued by TDCJ." ECF No. 1 at 4. Weaver further claims he was issued a medical pass approving his possession of a cotton blanket, which was not renewed in 2009. *Id.* Weaver alleges that in 2009, TDCJ issued all inmates, who were allergic to wool, a non-wool blanket "with a recycled blend of waste by-products." *Id.* He further alleges

the new blankets caused him pain and suffering "due to unrelenting itching, which caused acute and prolonged open sores, sleep deprivation, hypertension, and high anxiety." ECF No. 1 at 5. Weaver alleges Defendants are liable for the following:

- Doctor Kwabena Owusu "failed to report [an] inhumane policy instituted by contaminated blanket use." ECF No. 1 at 3.

- Jose Gonzalez ignored his requests for relief from "extreme pain." *Id.*

Weaver failed to state whether he sues defendants in their individual or official capacities. Thus, it is assumed he has filed suit against defendants in all capacities. Weaver seeks injunctive relief requiring Defendants to replace the new blankets with cotton blankets and a medical evaluation to be conducted by a third party for the purpose of determining any long-term effects caused by his exposure to the new blankets. ECF No. 1 at 5. Weaver further seeks injunctive relief requiring Defendants to implement "training and [p]rocedural safeguards to prevent future denial of adequate and appropriate medical treatment and therapy" for himself and any other inmate affected by the use of the new blankets. *Id.* Weaver also seeks damages. *Id.*

### ARGUMENT

**I. Weaver's claims against Defendants in their official capacities for damages should be dismissed pursuant to FED. R. CIV. P. 12(b)(1) because immunity has not been waived or abrogated.**

Neither a state nor a state official sued for damages in his or her official capacity is a "person" for purposes of liability under 42 U.S.C. § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989). Furthermore, a suit for damages against a state official in his or her official capacity is a suit against the State, not the individual. *Id.*

The Eleventh Amendment to the United States Constitution bars such suits against a state unless the state has waived immunity or Congress has abrogated immunity pursuant to its power under § 5 of the Fourteenth Amendment. *Id.* In passing § 1983, Congress "had no intention to disturb the States' Eleventh Amendment immunity." *Id.* Neither Congress nor the State of Texas has waived Eleventh Amendment immunity under 42 U.S.C. § 1983. Therefore, Weaver's claims for damages against Dr. Owusu and Jose Gonzalez in their official capacities must be dismissed for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1). FED. R. CIV. P. 12(b)(1).

## II. The Court should dismiss Weaver's claims pursuant to FED. R. CIV. P. 12(b)(6) because Weaver failed to state a claim upon which relief may be granted.

A defendant is entitled to dismissal under FED R. CIV. P. 12(b)(6) when an opposing party fails to state a claim upon which relief may be granted. The Court views all well-pleaded facts in the light most favorable to the plaintiff. *City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010). However, the plaintiff is required to allege facts that support the elements of the cause of action to assert a valid claim. *Id.; see also Bell Atlantic v. Twombly*, 550 U.S. 554, 570 (2007) (holding a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face"). The plausibility standard imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

When presented with a motion to dismiss for failure to state a claim, courts should conduct a two-part analysis. First, the Court must accept all the complaint's well-pleaded facts as true. *Id.* at 677. However, the Court should disregard asserted legal conclusions. *Id.* Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show the plaintiff has a "plausible claim for relief." *Id.* at 679. In other words, a complaint must do more than allege the plaintiff is entitled to relief. A complaint is required to show such an entitlement by providing sufficient relevant facts rather than mere legal conclusions.

The Supreme Court made clear in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* Thus, in considering a motion to dismiss the court must initially identify pleadings that are simply legal conclusions not entitled to the assumption of truth, then assume the veracity of well-pleaded factual allegations to determine whether those allegations plausibly give rise to an entitlement to relief. If not, "the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.*

**A. Dr. Owusu and Jose Gonzalez are entitled to qualified immunity because Weaver failed to show their actions violated his constitutional rights.**

To the extent Weaver's claims may be construed against Dr. Owusu and Jose Gonzalez in their individual capacities, each is entitled to qualified immunity because

Weaver failed to state a claim for a constitutional violation. The doctrine of qualified immunity affords protection against individual liability for civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Immunity in this sense means immunity from suit, not merely immunity from liability. *Jackson v. City of Beaumont Police Dept.*, 958 F.2d 616 (5th Cir. 1992). "Qualified immunity is designed to shield from civil liability all but the plainly incompetent or those who violate the law." *Brady v. Fort Bend County*, 58 F.3d 173, 174 (5th Cir. 1995). "Once the defendant has [asserted qualified immunity as a defense], the burden shifts to the plaintiff to rebut this defense by establishing that the official's allegedly wrongful conduct violated clearly established law." *Bazan ex rel. Bazan v. Hidalgo Cnty.*, 246 F.3d 481, 489 (5th Cir. 2001). "We do not require that an official demonstrate that he did not violate clearly established federal rights; our precedent places that burden upon plaintiffs." *Pierce v. Smith*, 117 F.3d 866, 872 (5th Cir. 1997).

    Here, Plaintiff Weaver fails to plead facts that would permit the Court to infer a constitutional violation occurred. Even when taking Plaintiff's alleged facts as true, he fails to state a plausible claim against Dr. Owusu or Jose Gonzalez. Because his allegations fail to demonstrate a constitutional violation, Dr. Owusu and Jose Gonzalez are entitled to qualified immunity and the claims against them should be dismissed pursuant to 12(b)(6).

### B. The Court should dismiss Weaver's claims because he has failed to plead facts to support a claim for deliberate indifference.

Deliberate indifference to a prisoner's medical need is proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976); *Jackson v. Cain*, 864 F.2d 1235, 1244 (5th Cir. 1989). However, not every claim by a prisoner that he has received inadequate medical treatment states a constitutional violation. *Estelle*, 429 U.S. at 105. To state a claim, Plaintiff must overcome a stringent standard of fault, requiring him to show Defendants disregarded a known or obvious consequence of their actions. *Connick v. Thompson*, 563 U.S. 51, 61 (2011); *see also Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (explaining a prison official can only be held liable if he knows of and disregards an excessive risk to the inmate's health or safety).

Furthermore, a plaintiff must show a defendant's actions rise above a negligence standard. *Hernandez v. Tex. Dep't of Protective & Regulatory Servs.*, 380 F.3d 872, 883 (5th Cir. 2004) (*quoting Alton v. Texas A&M Univ.*, 168 F.3d 196, 201 (5th Cir. 1999)) (holding "actions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference and do not divest officials of qualified immunity").

The Supreme Court has adopted the subjective recklessness test as used in criminal law as the test for deliberate indifference under the Eighth Amendment's Cruel and Unusual Punishment Clause. *Farmer*, 511 U.S. at 839–40. "The criminal law . . . generally permits a finding of recklessness only when a person disregards a risk of harm of which he is aware." *Id.* at 837. Thus, to establish a claim for deliberate indifference, an inmate must prove that each defendant was both: (1) aware of facts

from which an inference of an excessive risk to the inmate's health or safety could be drawn; and (2) that they actually drew the inference that such potential for harm existed. *See Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006) (quoting *Farmer*, 511 U.S. at 837); *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999).

The Fifth Circuit has explained that the high standard involved in showing deliberate indifference requires a plaintiff to show a defendant "refused to treat him, . . . intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical need." *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). Furthermore, an inmate's disagreement with a physician about his medical treatment is insufficient to state a deliberate indifference claim. *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997); *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995).

Weaver failed to state a claim for which relief can be granted because he has not alleged the facts required to state a claim for deliberate indifference to a serious medical need. Weaver has failed to show Dr. Owusu or Jose Gonzalez refused to treat him, intentionally treated him incorrectly, or acted with a wanton disregard for his serious medical condition. Rather, Weaver has merely shown that he disagrees with the treatment he was provided. Weaver's pleaded facts, if true, show he had been treated for an allergic reaction to wool when he was provided a medical pass for a cotton blanket. ECF No. 1 at 4. Weaver was once again treated for his wool allergy in 2009 when TDCJ replaced all wool blankets with non-wool blankets and discontinued

the policy of providing cotton blankets. ECF No. 1 at 4, 9. Thus, Weaver has failed to plead anything other than his disagreement with the treatment he received and the Court should dismiss his claims pursuant to Rule 12(b)(6). FED. R. CIV. P. 12(b)(6).

> i. **Weaver fails to state a claim against Dr. Owusu because he failed to show Owusu knowingly provided inadequate treatment or refused to treat him.**

Insofar as Weaver asserts a claim of deliberate indifference against Dr. Owusu his claim fails because he has failed to plead facts that would satisfy a deliberate indifference claim. Weaver alleges that Dr. Owusu "[f]ailed to report inhumane policy instituted by contaminated blanket use." ECF No. 1 at 3. However, Weaver does not allege Dr. Owusu refused to treat him, treated him inadequately, or was personally involved in any other act that would satisfy a claim for deliberate indifference. *See generally* ECF No. 1. Thus, he failed to plead facts that would satisfy the requirements for a deliberate indifference claim against Dr. Owusu and the Court should grant Defendants' motion pursuant to Rule 12(b)(6). FED. R. CIV. P. 12(b)(6).

> ii. **Weaver's claim against Jose Gonzalez fails because he failed to plead facts showing Gonzalez refused to treat him with knowledge it would harm Weaver.**

Insofar as Weaver claims Jose Gonzalez refused to treat his serious medical condition, his claim should be dismissed because he failed to allege Gonzalez was aware of facts from which an inference of an excessive risk to Weaver's health or safety could have been drawn; and he failed to allege that Gonzalez actually drew the inference that such potential for harm existed. *See Easter,* 467 F.3d at 463 (quoting *Farmer*, 511 U.S. at 837); *Harris,* 198 F.3d at 159. Instead, Weaver concludes that

Gonzalez "[i]gnored repeated outcries by petitioner for relief from extreme pain and suffering." ECF No. 1 at 3. Furthermore, Weaver failed to personally link Gonzalez to a refusal to issue him a cotton blanket or the refusal to treat him for any medical conditions resulting from an allergic reaction to either the wool blanket or the new blanket. *See generally* ECF No. 1. Thus, Weaver has failed to state a claim for deliberate indifference against Jose Gonzalez and the Court should dismiss his claim pursuant to Rule 12(b)(6). FED. R. CIV. P. 12(b)(6).

### C. Weaver failed to state a Due Process claim because he failed to allege that he was deprived of a liberty interest.

In order to establish a due process violation under the Fourteenth Amendment, a plaintiff must offer proof of: (1) a deprivation of a protected interest; and (2) an absence of due process. *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428 (1982). The Supreme Court has held that under certain circumstances, the States may create liberty interests that are protected by the Due Process Clause. *Sandin v. Conner*, 515 U.S. 472, 484 (1995). However, such interests "are generally limited to state created regulations or statutes which affect the quantity of time rather than the quality of time served by a prisoner." *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997).

Here, Weaver merely concludes the Defendants' actions constitute an "absolute denial of due process in the denial of the services alleged." ECF No. 1 at 5. Weaver does not claim that the duration of his sentence was affected or that he was deprived of a liberty interest. Rather, Weaver is complaining about the conditions of his confinement. Thus, he has failed to plead any facts that would implicate due process

concerns. As such, the Court should dismiss Weaver's claims against Dr. Owusu and Jose Gonzalez pursuant to Rule 12(b)(6). FED. R. CIV. P. 12(b)(6).

### D. Plaintiff's claims against Dr. Owusu and Jose Gonzalez are outside of the applicable statute of limitations.

Plaintiff's suit must be limited only to claims which arise during the applicable statute of limitations, which serves as an absolute bar to suit. *Nottingham v. Richardson*, 499 Fed.App'x 368, 375 (5th Cir. 2012).

For § 1983 suits, "state law supplies the applicable limitations period and tolling provisions." *Harris*, 198 F.3d at 157. Federal law, however, determines when the cause of action accrues. *Id.* at 156–157.

"The limitations period for a claim brought under section 1983 is determined by the general statute of limitations governing personal injuries in the forum state." *Price v. City of San Antonio*, 431 F.3d 890, 892 (5th Cir. 2005). Texas law has a two-year period of limitations for personal injury. Tex. Civ. Prac. & Rem. Code § 16.003. Consequently, the limitations period for a claim brought under Section 1983 in Texas is two years. *Price*, 431 F.3d at 892; *Ogletree v. Glen Rose Indep. Sch. Dist.*, 314 S.W.3d 450, 454 (Tex. App.—Waco 2010, pet. denied).

Federal law provides that "a cause of action accrues the moment the plaintiff knows or has reason to know of the injury that is the basis of his complaint." *Helton v. Clements*, 832 F.2d 332, 334–35 (5th Cir. 1987) (citing *Rubin v. O'Koren*, 621 F.2d 114, 116 (5th Cir. 1980); *Drayden v. Needville Indep. Sch. Dist.*, 642 F.2d 129, 132 (5th Cir. 1981)).

Plaintiff's claims against Dr. Owusu and Jose Gonzalez all arise sometime in 2009 when he was denied a renewal of his medical pass for a cotton blanket and was issued a non-wool blanket. ECF No. 1 at 4. Weaver alleges that he has "battled" with prison security and medical personal over his issues with the blanket for ten years. ECF No. 1 at 5. Thus, Weaver knew about or had reason to know about the injuries that make up the basis of his claims approximately ten years ago and he should have known about the injuries no later than the end of 2009.

In order to fall within the applicable statute of limitations Plaintiff needed to file suit by the end of 2011. However, Weaver failed to timely file suit and waited until May 18, 2018, to do so. ECF No. 1-1 at 1. Because Plaintiff did not file his suit within the applicable statute of limitations, Plaintiff's claims against Dr. Owusu and Jose Gonzalez should be dismissed entirely.

## Conclusion

Weaver's claims for damages against Defendants Owusu and Gonzalez, in their official capacity, are barred by the Eleventh Amendment and should be dismissed pursuant to Rule 12(b)(1) for lack of jurisdiction. Weaver's factual allegations against Defendants fail to state a cognizable constitutional violation. Thus, Defendants are entitled to qualified immunity. Additionally, Weaver failed to file his claim within the applicable statute of limitations. Thus, his claims should accordingly be dismissed pursuant to Rule 12(b)(6).

As such, Defendants Owusu and Gonzalez respectfully pray that all claims against them be dismissed with prejudice, and for such other relief as justice may

require. Should any part of this motion to dismiss be denied, Defendants reserve their right to answer the claims against them and assert their affirmative defenses and entitlements to qualified immunity.

Date: <u>August 13, 2018</u>

        Respectfully submitted,

        **KEN PAXTON**
        Attorney General of Texas

        **JEFFREY C. MATEER**
        First Assistant Attorney General

        **BRANTLEY STARR**
        Deputy First Assistant Attorney General

        **JAMES E. DAVIS**
        Deputy Attorney General for Civil Litigation

        **SHANNA E. MOLINARE**
        Assistant Attorney General
        Chief, Law Enforcement Defense Division

        */s/ Wesley D. Lunkley*
        **WESLEY D. LUNKLEY**
        Assistant Attorney General
        Texas Bar No. 24106232
        Southern District No. 3182497

        Law Enforcement Defense Division
        P. O. Box 12548
        Austin, Texas 78711-2548
        (512) 475-1355 / (512) 370-9381 Fax
        Wesley.Lunkley@oag.texas.gov

        **Attorneys for Defendants Kwabena Owusu and Jose Gonzalez**

## NOTICE OF ELECTRONIC FILING

I, **WESLEY D. LUNKLEY**, Assistant Attorney General of Texas, certify that I have electronically submitted for filing **Defendants Owosu and Gonzalez' Motion to Dismiss Pursuant to Rule 12(b)** to the Court, August 13, 2018, in the Southern District of Texas, Houston Division.

/s/ Wesley D. Lunkley
**WESLEY D. LUNKLEY**
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, **WESLEY D. LUNKLEY**, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing **Defendants Owosu and Gonzalez' Motion to Dismiss Pursuant to Rule 12(b)** has been served by placing same in the United States Mail, postage prepaid on August 13, 2018, addressed to:

Calvin Weaver, TDCJ No. 820796
C.T. Terrell Unit
1300 FM 655
Rosharon, Texas 77583
***Plaintiff Pro Se***

/s/ Wesley D. Lunkley
**WESLEY D. LUNKLEY**
Assistant Attorney General