**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **CALVIN EDWARD WEAVER** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:18-CV-1652** |
| | § | |
| **BRYAN COLLIER** *et al.*, | § | |
| **Defendants.** | § | |

---

**DEFENDANTS BRYAN COLLIER, JAMES BLAKE, AND WARDEN COMSTOCK'S
MOTION TO DISMISS
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1) AND (6)**

---

Defendants Collier, Blake, and Comstock ("Defendants") move for dismissal of all claims asserted against them in this lawsuit, pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). In support of this motion, Defendants respectfully offer the following:

**I.
STATEMENT OF THE CASE**

Plaintiff Calvin Edward Weaver is an inmate incarcerated at the Terrell Unit in Rosharon, Texas within the Texas Department of Criminal Justice (TDCJ). Weaver sued Defendants, employees of TDCJ, in relation to his medical care. *See generally* ECF No. 1. Specifically, Weaver alleges that he was diagnosed as being "hyper-allergic to the wool blanket issued by TDCJ." ECF No. 1 at 4. Weaver further claims he was issued a medical pass approving his possession of a cotton blanket, but this pass was not renewed in 2009. *Id.* Weaver contends that in 2009, TDCJ issued all inmates with wool allergies a non-wool blanket made from "a recycled blend of waste by-products." *Id.* He further alleges that these new blankets caused him pain and suffer due to itching, which caused him prolonged open

sores, sleep deprivation, hypertension and anxiety. *See* ECF No. 1 at 5. Weaver is requesting injunctive relief, as well as punitive damages. *See id.*

## II.
## STANDARD FOR DISMISSAL UNDER 12(b)(1)

A party may move for a dismissal of a cause of action when a court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *CleanCOALition v. TXU* Power, 536 F.3d 469, 473 (5th Cir. 2008) (quoting *Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998)). When a motion to dismiss under Rule 12(b)(1) is filed, "the party asserting jurisdiction bears the burden of proof …" *Morrison v. Livingston*, 739 F.3d 740, 745 (5th Cir. 2014).

## III.
## STANDARD FOR DISMISSAL UNDER 12(b)(6)

A party may move for dismissal of a cause of action when a complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When conducting a 12(b)(6) analysis, a court must liberally construe the complaint in favor of the plaintiff and view all well-pleaded facts in the light most favorable to the complainant. *Hale v. King*, 642 F.3d 492, 498 (5th Cir. 2011) (citing *City of Clinton v. Pilgrim's Pride Corp.,* 632 F.3d 148, 152-53 (5th Cir. 2010)). However, a plaintiff must "allege facts that support the elements of the cause of action in order to make out a valid claim." *Hale*, 642 F.3d at 498 (citing *City of Clinton*, 632 F.3d at 152-53). Dismissal is not proper if a complaint contains sufficient facts that, when accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The factual plausibility requirement is met if the factual content pleaded allows a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* (citing *Twombly*, 550 U.S. at 556). Nevertheless, a court is not required to accept as true allegations that are merely legal

conclusions. *See id.* "Threadbare recitals of the elements of a cause of action supported by mere conclusory statements do not suffice." *Id.* Likewise, a court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005). If a complaint does not state a plausible claim for relief, it will not survive a motion to dismiss. *Ashcroft*, 556 U.S. at 679.

## IV.
## BRIEF IN SUPPORT OF MOTION TO DISMISS

**1.      Weaver's Claims for Monetary Damages under 42 U.S.C. § 1983 are Barred by the Eleventh Amendment.**

To the extent Weaver is suing Defendants for money damages in their official capacities, Defendants are entitled to Eleventh Amendment immunity. The Eleventh Amendment to the United States Constitution bars suits in federal court against a state, or one of its agencies or departments, by anyone other than the federal government or another state, regardless of the nature of the relief requested. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Neuwirth v. Louisiana State Bd. Of Dentistry*, 845 F.2d 553, 555 (5th Cir. 1988).  The state may waive this immunity or Congress may specifically override the immunity under § 5 of the Fourteenth Amendment.  *Welch v. Texas Dept. of Highways and Public Transp.*, 483 U.S. 468, 474 (1987); s*ee also Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144–46 (1993).  However, neither exception is present in this case as immunity has not been waived by the state, nor has there been any Congressional abrogation of the immunity under § 5 of the Fourteenth Amendment.  *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989) (in passing § 1983, Congress had no intention to disturb the States' Eleventh Amendment immunity).

Additionally, a suit for damages against a state official in his official capacity is not a suit against that individual, but a suit against the state.  *Hafer v. Melo*, 502 U.S. 21, 25 (1991).  Consequently, a state official acting in his official capacity is not a "person" subject to suit under § 1983.  *Will v. Michigan*

*Dept. of State Police*, 491 U.S. 58, 71 (1989). Defendants were employees of TDCJ, a state agency, at the time of these alleged claims. Thus, to the extent that Weaver is suing Defendants for money damages in their official capacities as TDCJ employees, Weaver's claims are barred by the Eleventh Amendment and must be dismissed for lack of jurisdiction pursuant to FED. R. CIV. P. 12(b)(1).

**2.     Weaver Has No Plausible Claim for Injunctive Relief Against Defendants.**

In addition to money damages, Weaver seeks injunctive relief. *See* ECF No. 1 at 5. Under § 1983, he is not entitled to injunctive relief against Defendants for a multitude of reasons.  As an initial matter, Weaver does not have standing to assert a claim for injunctive relief.

"[S]tanding is perhaps the most important of the jurisdictional doctrines." *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990) (internal quotation omitted). Jurisdiction is "a threshold issue that must be resolved before any federal court reaches the merits of the case before it." *Perez v. U.S.*, 312 F.3d 191, 194 (5th Cir. 2002); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998).

To establish standing, a plaintiff must show: (1) an actual or imminent, concrete and particularized "injury-in-fact"; (2) that is fairly traceable to the challenged action of the defendant (causation); and (3) that is likely to be redressed by a favorable decision (redressability). *Friends of the Earth, Inc. v. Laidlaw Envt'l. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000). All three elements are "an indispensable part of the plaintiff's case" and the party seeking to invoke federal jurisdiction bears the burden to establish them. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). Only a medical provider can determine whether Weaver has an allergy. And if he does, only a medical provider can issue a medical order relating to his allergy. Because the Defendants have no involvement with medical care at the Terrell Unit, and have no authority or control over medical employees, Weaver does not have an alleged injury that is likely to be redressed by a favorable decision in regard to these Defendants and, thus, he is not entitled to injunctive relief.

**3.  The *Ex parte Young* exception does not apply.**

Additionally, because the *Ex parte Young* exception to Eleventh Amendment sovereign immunity does not apply to this case, Weaver's claims for injunctive relief must fail. Although the Eleventh Amendment bars claims for monetary damages brought against individual state officers in their official capacities, the Supreme Court has established an exception to the rule. *Ex parte Young*, 209 U.S. 123 (1908). Under *Ex parte Young*, a federal court, consistent with the Eleventh Amendment, may enjoin state officials to conform their future conduct to the requirements of federal law." *Mayfield v. Texas Dept. of Criminal Justice*, 529 F.3d 599, 604 (5th Cir. 2008) (quoting *McCarthy ex rel. Travis v. Hawkins*, 381 F.3d 407, 412 (5th Cir., 2004)). Pursuant to the *Ex parte Young* doctrine, a state official who attempts to enforce an unconstitutional law loses the protections provided by the Eleventh Amendment and becomes subject to suit. *NiGen Biotech v. Paxton*, 804 F.3d 389, 394 (5th Cir. 2015). Therefore, "[i]n determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a 'straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Fontenot v. McCraw*, 777 F.3d 741, 752 (5th Cir. 2015) (quoting *Verizon Md. Inc. v. Pub. Svc. Comm'n*, 535 U.S. 635, 645 (2002)).

Weaver fails to establish that the *Ex parte Young* exception applies to Defendants because he cannot allege an ongoing violation of federal law. As stated above, Weaver seeks injunctive relief against these Defendants but because these Defendants have no authority or control over the issuance of medical blankets, Weaver cannot allege an ongoing violation of his constitutional rights as to these Defendants.

Weaver's injunctive claims should be dismissed because he fails to allege a violation of any federal law in relation to these Defendants. Weaver merely alleges that Defendant Collier's office issued a denial of petitioner's request, that Defendant Comstock "failed to provide adequate

procedural modification to urgent needs" and that Defendant Blake ignored written and oral requests for assistance in gaining medical treatment." *See* ECF No. 1 at 3. Other than these conclusory statements, Weaver alleges nothing against Defendants that would qualify as a violation of federal law.

Because Weaver has failed to show a plausible claim against any of the Defendants for ongoing constitutional violations, he is not entitled to pierce through the protections afforded Defendants by the Eleventh Amendment, and his request for injunctive relief must be denied.

### 4. Weaver Fails to State a Plausible Claim against Defendants for Deliberate Indifference Under the Eighth Amendment.

An official is not liable for failure to provide medical care to an inmate unless that failure was due to deliberate indifference to his medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "[F]acts underlying a claim of 'deliberate indifference' must clearly evince the medical need in question and the alleged official dereliction." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). "The legal conclusion of 'deliberate indifference,' therefore, must rest on facts clearly evincing 'wanton' actions on the part of the defendants." *Id.* Mere negligence does not constitute a § 1983 cause of action. *Estelle*, 429 U.S. at 106; *Wagner v. Bay City*, 227 F.3d 316, 324 (5th Cir. 2000) ("the subjective intent to cause harm cannot be inferred from a . . . failure to act reasonably"). Even gross negligence does not rise to the level of deliberate indifference. *Hare v. City of Corinth*, 74 F.3d 633, 645 (5th Cir. 1996). Deliberate indifference under the Eighth Amendment requires a showing of "subjective recklessness" as used in criminal law. *Farmer v. Brennan*, 511 U.S. 825 (1994). Under this standard, "a prison official cannot be found liable under the Eighth Amendment … unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 835; *see also Reeves v. Collins*, 27 F.3d 174, 175 (5th Cir. 1994).

Weaver's allegations against Defendants do not illustrate that Defendants knew about a serious medical need and were deliberately indifferent to such medical need and therefore he fails to state a claim

for deliberate indifference pursuant to the Eighth Amendment.

**5.    Weaver fails to state a Due Process claim because he has not been deprived of a liberty interest.**

In order to establish a due process violation under the Fourteenth Amendment, a plaintiff must offer proof of: (1) a deprivation of a protected interest; and (2) an absence of due process. *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428 (1982). The Supreme Court has held that under certain circumstances, the States may create liberty interests that are protected by the Due Process Clause. *Sandin v. Conner*, 515 U.S. 472, 484 (1995). However, such interests "are generally limited to state created regulations or statutes which affect the quantity of time rather than the quality of time served by a prisoner." *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997).

Here, Weaver merely concludes the Defendants' actions constitute an "absolute denial of due process in the denial of the services alleged." ECF No. 1 at 5. Weaver does not claim that the duration of his sentence was affected or that he was deprived of a liberty interest. Rather, Weaver is complaining about the conditions of his confinement. Thus, he has failed to plead any facts that would implicate due process concerns. As such, the Court should dismiss Weaver's claims pursuant to Fed. R. Civ. P. 12(b)(6).

**6.    Weaver's claims are outside of the applicable statute of limitations.**

Weaver's suit must be limited only to claims which arise during the applicable statute of limitations, which serves as an absolute bar to suit. *See Nottingham v. Richardson*, 499 Fed. Appx. 368, 375 (5th Cir. 2012).

For § 1983 suits, "state law supplies the applicable limitations period and tolling provisions." *Harris*, 198 F.3d at 157. Federal law, however, determines when the cause of action accrues. *Id.* at 156–157. "The limitations period for a claim brought under section 1983 is determined by the general statute of limitations governing personal injuries in the forum state." *Price v. City of San Antonio*, 431

F.3d 890, 892 (5th Cir. 2005).  Texas law has a two-year period of limitations for personal injury.  Tex. Civ. Prac. & Rem. Code § 16.003. Consequently, the limitations period for a claim brought under Section 1983 in Texas is two years. *Price*, 431 F.3d at 892; *Ogletree v. Glen Rose Indep. Sch. Dist.*, 314 S.W.3d 450, 454 (Tex. App.—Waco 2010, pet. denied).

Federal law provides that "a cause of action accrues the moment the plaintiff knows or has reason to know of the injury that is the basis of his complaint." *Helton v. Clements*, 832 F.2d 332, 334–335 (5th Cir. 1987) (citing *Rubin v. O'Koren*, 621 F.2d 114, 116 (5th Cir. 1980); *Drayden v. Needville Indep. Sch. Dist.*, 642 F.2d 129, 132 (5th Cir. 1981)).

Weaver's alleged claims all arose sometime in 2009 when he was denied a renewal of his medical pass for a cotton blanket and was issued a non-wool blanket. *See*  ECF No. 1 at 4. Weaver alleges that he has "battled" with prison security and medical personal over his issues with the blanket for ten years. ECF No. 1 at 5. Thus, Weaver knew about, or had reason to know about, the injuries that make up the basis of his claims approximately ten years ago and he should have known about the injuries no later than the end of 2009.

In order to fall within the applicable statute of limitations, Weaver needed to file suit by the end of 2011. However, Weaver failed to file suit until May 18, 2018. ECF No. 1 at 1. Because Weaver did not file his suit within the applicable statute of limitations, his claims should be dismissed entirely.

## V.
## CONCLUSION AND PRAYER

Defendants respectfully request that this Court grant their motion and dismiss with prejudice all of Weaver's claims against them. Defendants further pray for any other relief to which they are entitled. Alternatively, if this motion to dismiss is denied, Defendants preserve their right to answer the claims against them and present their affirmative defenses, including failure to exhaust administrative remedies and qualified immunity.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**JEFFREY C. MATEER**
First Assistant Attorney General

**BRANTLEY STARR**
Deputy First Assistant Attorney General

**JAMES E. DAVIS**
Deputy Attorney General for Civil Litigation

**SHANNA E. MOLINARE**
Assistant Attorney General
Chief, Law Enforcement Defense Division

/s/ Amy L. Prasad
**AMY L. PRASAD**
Assistant Attorney General
Southern District No. 563045
Texas State Bar No. 24037295

Law Enforcement Defense Division
Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
(512) 463-2080 / Fax (512) 370-9362
Amy.Prasad@oag.texas.gov

**ATTORNEYS FOR DEFENDANTS
COLLIER, BLAKE, AND COMSTOCK**

## NOTICE OF ELECTRONIC FILING

I, **Amy L. Prasad**, Assistant Attorney General of Texas, certify that I have electronically submitted to the court for filing a true copy of the above and foregoing **Defendants Collier, Blake, and Comstock's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and (6)** in accordance with the Electronic Case Files System of the Eastern District of Texas on this 13th day of August, 2018.

/s/ Amy L. Prasad
**AMY L. PRASAD**
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, **Amy L. Prasad,** Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing has been served by placing same in the United States Mail, Certified Mail-Return Receipt Requested, 13th day of August, 2018 addressed to:

CALVIN EDWARD WEAVER   **CM/RRR: 7017 2680 0000 5254 1387**
TERRELL UNIT
1300 FM 655
ROSHARON, TEXAS 77583
**Plaintiff *Pro Se***

/s/ Amy L. Prasad
**AMY L. PRASAD**
Assistant Attorney General