CLERK
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
POST OFFICE BOX 61010
HOUSTON, TEXAS 77208

United States Courts
Southern District of Texas
FILED

NOV 28 2018

David J. Bradley, Clerk of Court

| | |
|---|---|
| Calvin Edward Weaver § § § vs § Civil Action No: 4:18-cv-1652 § § Bryan Collier, ET AI § § | |

Now comes Calvin Edward Weaver, plaintiff pro se in the above styled and captioned cause of action and files this response to Defendant's motion to dismiss.

**** I ****

Weaver's claims for monetary damages under 42 U.S.C. 1983 are not barred by the Eleventh Amendment.

Weaver's allegations, though not yet fully pleaded apart from the preliminary Court application form, contain more than enough information for defendants and the Court to ascertain and construe the substance of his right to bring an action under Title II of the Americans with Disabilitite Act.

That Weaver's claim has facial plausibility under Hale is apparant from the timeline of the facts listed on the application form to be fully explicated in the plaintiff's forthcoming amended lawsuit. see: Hale v. King 642 F.3rd.492. Although, probably not "well-pleaded", he nevertheless avers that the Court may draw the reasonable inference that the defendants are liable if the misconduct alleged is allowed to proceed to trial and that he will likely prevail. Furthermore, Weaver's claims also allege repeated efforts by the defendants to subvert his procedural due process applications to alleviate his mental anguish, torment, suffering depression and emotional distress proximately caused by their actions personally and in thier official capacity by the failure to train and supervise those under them and which actually violated the Fourteenth Amendment.

By virtue of the fact that some inmates on the Unit with similar allergic skin conditions were allowed to have cotton blankets and and Weaver was excluded, his allegations further implicate that the defendants violated the Rehabilitation Act of 1973 §504, 29

USCA § 794 et seg by denying him full participation in the State
of Texas continuum of treatment, therapy and rehabilitation servies
for special needs offenders and that the denial was solely because
of his disability. V.T.C.A. Health&Safety 614.001 et seg.

The United States Supreme Court has held, under U.S. v.
Georgia and 42 U.S.C. § 12132, 126 S.Ct.877 that the deliberate
refusal (Plantiff will document in his exhibits) of the prison
officials to accommodate his disability-related needs constitutes
a denial of the benefits of and exclusion from participation in
the Prison's programs, services and activities which include medical
programs. Therefore, the Plaintiff's claims for money damages
against the State and Superior prison officials under Title II are
based on conduct that independently violated the provisions of
§1 of the Fourteenth Amendment.

Whereas, the Due Process Clause of the Fourteenth Amendment
incorporates the Eighth Ammendment's guarantee against cruel and
unsual punishment, Congress is expressly granted authority to
enforce... the substantive provisions of the Fourteenth Amendment
by providing actions for money damages against the States; Ex Parte
Virginia 100 U.S 339, 346, 25 L.Ed.678(1880)

Thus Congress had every intention to annul the State's Eleventh
Ammendment immunity where a wanton abrogation of Due Process of
law has occured and to enforce the prohibitions of the Fourteenth
Amendment. This enforcement power includes the power to abrogate
State sovereign immunity by authorizing private suits for damages
against the State. See: Fitzpatrick v. Bitzer 96 S.Ct.2666.

*** 2 ***

Weaver's claims for Injunctive Relief are Real, Plausible and Urgent.

Citing herewith the same criteria analysis that defendants
used in their Motion to Dismiss, Plaintiff avers that he has demon-
strated sufficiently in his preliminary application that the denial
of a blanket in cold weather which is also inextricably linked to
basic health needs and the prevention of weather-related stress
reaction and is substantiated by the State's extraordinary measures
to combat his claims judicially rather than simply correct and

repair the harm through the simple provision of a five dollar cotton
blanket. The Plaintiff is in possession of an exhaustive record
of medical charts, grievance forms and other communications records
with the defendamts which clearly establish the plausibility not
only of his claim but the likelihood that he will prevail in his
action before the Court and a jury.

The plaintiff's claim for relief is also extremely urgent as
the days are repidly approaching when dormatory temperatures will
again return to the 40 and 50 degree range due to the failure of
C.T. Terrell Unit to engage any remedies to install HVAC service
and he will be doomed to "Weather" the effects of defendants'
continued denial of the basic need for protection from the cold.

**** 3 ****

The Ex Parte Young Exception Absolutely Applies

The Plaintiff's facial claim combined with the State's
obstreperous machinations point to a frenzied effort to conceal
and divert the Court's attention away from the ongoing violation
of federal law. For there can be no logical explanation other-
wise for the State to expend such vast amounts of state-based
resources/energy to combat a claim which supports the denial of a
five dollar blanket. Furthermore, the State's violation of Weaver's
substantive due process, which he sought to engage in the acqui-
sition of a basic human need, shocks the conscience.

Finally, Weaver is not privy to the exhaustive catalog of
civil rights complaints regarding the deprivation of medical care
to Texas offenders in any form of custody, in modern recorded
history or even in the last 5-years, but one need only examine the
case law bibliography for any major case e.g. Estelle v. Gamble
97 S.Ct.285(1976) to establish the State's ongoing violations of
federal law pertaining to the witholding of medical care with
deliberate indifference for Texas prison inmates.

The Attorney General's advocacy for the wanton mistreatment
of the elderly and persons with mental illness and other serious
health related needs is symptomatic of the systemic, poisonous
contempt the State of Texas holds for persons with disabilities.

This Court is preeminently aware of the State's oft-repeated violations of Federal law and rules for deliberately and indiffrently withholding needed medical care and even minimal standards of food, clothing and shelter.

**** 4 ****
Weaver's Allegations Are Sufficient To Establish
Deliberate Indifference

The continued denial of cotton blankets or any other anti-allergenic remedy to provide protection for the Plaintiff following due notice dating back to 2009 and including the present filing of May 16, 2018 which afforded Comstock, Blake and Collier ample opportunity not only to know about his serious medical need but also to correct and repair the deprivation is sufficient to demonstrate and document for the Court a wanton disregard for his pain and suffering in a manner that shocks the conscience.

**** 5 ****
Weaver's Due Process Claim is Clearly Stated

The Plaintiff's due process claim is clearly stated in the 1983 complaint form and is inherent in the State's Health and Safety Code 614.007. It consists of his Constitutional right to be free from discrimination, pain and suffering related to his status as an offender with medical or mental impairments. The State of Texas created liberty interest is also embodied by Federal laws and rules eminating from Section 504 of the Rehabilitation Act of 1973 as well as Title II of the Americans with Disabilities Act.

**** 6 ****
Weaver's Claims Are Timely

Given that Weaver has been afforded no reasonable substitute for protection from the elements and neither has TDCJ instituted any medical remedy for his allergic reaction to the State issued blanket, his claim for relief is most properly viewed as an on-going or continuing harm phenomenology.

Furthermore, the law of case doctren prescribed that the two year statute of limitation applicable to his 1983 claims begins to toll once he knew or should have known of the facts giving rise to the claim. S.E.C. v. Microture, Inc., 783 F.Supp 2d 867.

On or about 2001/2002 plaintiff, while at the Allred Unit was tested three (3) times for allergies related to TDCJ blankets. He was then given cotton medical blankets, ending this allergic reaction and eliminating his sores.

When plaintiff arrived on C.T. Terrell, June 2008, he was issued cotton medical blankets as per his standing medical directive. In 2009 Terrell's medical dept. refused to renew his "Medical Pass" for cotton blankets, which subsequently cause his to be confiscated by security.

Dr Owusu, and PA Mbugua, after seeing plaintiff's sores, numerous times, refused to renew plaintiff's Pass for medical blankets, saying that TDCJ blankets were no longer made with wool. Wool or not, plaintiff was and still is suffering the same allergic reactions which were more than apparent in the sores witnessed by the medical dept. in excess of 20 times.

On 11/12/2015 provider Kuyinu issued the plaintiff a pass for cotton medical blankets, which were then denied by Ms Brownfield, head of supply at that time. Though the expiration date on that pass was 5/4/2016...plaintiff was never given cotton medical blankets, nor has he been given cotton blankets since. Ms Brownfield stated that TDCJ-UTMB does no longer have cotton medical blankets.

Thus, the plaintiff avers that the defendant's fraudulant concealment of wrongful denial of cotton blankets tolled the limitations period at the point in time in which Weaver was first told "We no longer provide cotton medical blankets", when indeed they did and still do to this day. Abecassis v. Wyatt 758 F.Supp 2d 614.

And finally, in a "continuing tort" case, under Texas law, the wrongful conduct which the plaintiff will present at trial continues to affect injury until the conduct stops, General Universal Systems, Inc. v. Hal, Inc. 500 F3d 444 (5th Cir 2007). Weaver still does not have his cotton blankets following his most recent request of July, 2018.

## Conclusion and Prayer

Wherefore, premises considered, Plaintiff Weaver avers that the doctrine of "continuing tort" is the paramount and underlying principle of law in the case and if allowed to proceed to trial the continuing series of wrongful acts will emerge as perfectly obvious to any reasonable jurist and he will most likely prevail. The Plaintiff therefore moves the Court to dismiss Defendants' Bryan Collier, James Blake, Warden Comstock, Dr Owusu, and Mr Gonzales's motions to Dismiss Pursuant to FRCP 12(B) as being without prejudice and allow Plaintiff to move forward to pretrial conference.

Respectfully Submitted,

*[signature: Calvin E. Weaver]*

Calvin Weaver
TDCJ #820796
C.T. Terrell Unit
1300 FM 655
Rosharon, TX 77583