UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CALVIN EDWARD WEAVER, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:18-CV-1652 |
| | § | |
| BRYAN COLLIER, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Calvin Edward Weaver, proceeding *pro se*, filed suit under 42 U.S.C. § 1983 alleging violations of his civil rights. The defendants moved to dismiss in two separate motions on August 13, 2018. One motion was brought by defendants Bryan Collier, James Blake, and Warden Comstock. The other motion is brought by Kwabena Owusu, M.D., and Jose Gonzalez. All the defendants are employed by Texas Department of Criminal Justice ("TDCJ"). Weaver responded to the motions on November 28, 2018. Based on the pleadings, the motions, and the applicable law, the defendants' motions are granted in part and denied in part.

**I.     Background**

Weaver alleges that he was diagnosed "as being hyper-allergic to the wool blanket issued by TDCJ." Complaint (Doc. # 1), at 4. He contends that he was issued a medical pass approving him for a cotton blanket, but that the pass was not renewed in 2009. He further alleges that in 2009, TDCJ issued all inmates who were allergic to wool a non-wool blanket "with a recycled blend of waste by-products." *Id.* He alleges that the new blankets caused itching, open sores, and sleep deprivation resulting in hypertension and anxiety. *Id.* At 5. He alleges that defendant Dr. Owusu "failed to report [an] inhumane policy instituted by contaminated blanket use," *id.* at

3, and defendant Gonzalez ignored his complaints about the blanket. The defendants now move to dismiss the complaint under Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure.

**II.     Analysis**

   **A.     Standard of Review**

      **1.     The Rule 12(b)(1) Standard**

A federal court must dismiss a case for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) when the court lacks the statutory or constitutional power to adjudicate the plaintiff's claims. *Home Builders Assoc' of Miss., Inc., v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir.1998). In resolving a motion under Rule 12(b)(1), a court may refer to evidence outside the pleadings. *Espinoza v. Mo. Pacific R. Co.,* 754 F.2d 1247, 1248 n. 1 (5th Cir.1985). When the jurisdictional issue is of a factual nature rather than facial, plaintiff must establish subject matter jurisdiction by a preponderance of the evidence. *Irwin v. Veterans Admin.*, 874 F.2d 1092, 1096 (5th Cir.1989).

      **2.     The Rule 12(b)(6) Standard**

In reviewing a motion to dismiss under Rule 12(b)(6), the complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir.1986).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).

### B. Eleventh Amendment Immunity

All the defendants argue that they are immune from Weaver's claims for money damages against them in their official capacities. "[I]n the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). A suit for damages against a state official in his official capacity is not a suit against the individual, but against the state. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). Because Weaver's claims against the defendants in their official capacities are claims against the State of Texas, Weaver's official capacity claims for money damages are barred by the Eleventh Amendment.

### C. Injunctive Relief

Weaver seeks injunctive relief directing the defendants to replace his blanket and for a medical examination by a third party. Defendants Collier, Blake, and Comstock seek dismissal of this claim. They argue that his claim is medical in nature, that they are not doctors, and that they therefore cannot provide the relief requested. They also argue that Weaver's claim for injunctive relief is barred by the Eleventh Amendment.

Defendant Collier is the Executive Director of TDCJ, defendant Comstock is the Warden of Weaver's unit, and defendant Blake is, according to the complaint, a TDCJ Major and Unit Supervisor. These defendants' argument that replacing Weaver's blanket is beyond their power because they are not Medical Doctors is disingenuous. It appears from the complaint that each of these defendants is in a position of authority and could, presumably, order that Weaver receive another blanket, or that he receive a medical evaluation. Reading the allegations liberally, Weaver alleges that he is suffering physical injury caused by an allergic reaction to the blanket,

and that these defendants are each in a position to remedy the situation. He therefore pleads sufficient facts to withstand a motion to dismiss this claim.

Defendants' Eleventh Amendment argument is also misplaced. As the defendants acknowledge, under *Ex Parte Young*, 209 U.S. 123 (1908), the Eleventh Amendment does not bar prospective injunctive relief against state officials. Weaver alleges a violation of his Eighth Amendment rights and seeks prospective injunctive relief to remedy that violation. This claim falls under *Young* and is not barred by the Eleventh Amendment.

### D. Qualified Immunity

Defendants Owusu and Gonzalez argue that they are entitled to qualified immunity. "The doctrine of qualified immunity shields public officials . . . from damages actions unless their conduct was unreasonable in light of clearly established law." *Elder v. Holloway*, 510 U.S. 510, 512 (1994). The Fifth Circuit has held that, to overcome qualified immunity, "pre-existing law must dictate, that is, truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what the defendant is doing violates federal law *in the circumstances*." *Pierce v. Smith*, 117 F.3d 866, 882 (5th Cir. 1997) (internal quotation marks and citation omitted).

#### 1. Dr. Owusu

Weaver's complaint regarding Dr. Owusu alleges only that he "failed to report inhumane policy instituted by contaminated blanket use." Complaint (Doc. # 1) at 3). Yet, Weaver never alleges any facts showing that the blankets distributed to TDCJ inmates are contaminated, or that they have caused widespread health problems. He therefore fails to identify any policy regarding the blankets that even arguably violates the Eighth Amendment, and thus fails to identify anything that Dr. Owusu should have reported. It necessarily follows that Weaver fails to

identify any conduct by Dr. Owusu that was unreasonable in light of clearly established law. Dr. Owusu is therefore qualifiedly immune and is entitled to dismissal of the claims against him.

2. Defendant Gonzalez

Defendant Jose Gonzalez is identified in the complaint as the Senior Practice Manager of the Terrell Unit medical practice. Weaver alleges that Gonzalez "[i]gnored repeated outcries by [plaintiff] for relief from extreme pain and suffering." Complaint (Doc. # 1) at 3.

Liberally construing the allegations and taking them to be true, Weaver alleges that he suffered a severe reaction to the blanket which included open sores, that he notified defendant Gonzalez, and that Gonzalez failed to take any action to address Weaver's medical condition.

It has been clearly established for decades that prison authorities have an Eighth Amendment duty to treat inmates' serious medical needs. An Eighth Amendment violation may occur where "denial of medical care may result in pain and suffering which no one suggests would serve any penological purpose." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). Therefore, under the liberal reading due to the complaint on a motion to dismiss, Weaver alleges that Gonzalez ignored Weaver's complaints of a serious medical need. These actions or omissions are unreasonable under clearly established law, and Gonzalez is not entitled to qualified immunity based on the allegations in the complaint.

E. **Deliberate Indifference**

All the defendants argue that Weaver fails to plead facts sufficient to show that they were deliberately indifferent to his serious medical needs. The Eighth Amendment "establish[es] the government's obligation to provide medical care for those whom it is punishing by incarceration." *Gamble*, 429 U.S. at 103. To rise to the level of a constitutional violation, however, prison officials must exhibit deliberate indifference to the prisoner's serious medical

needs. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "Deliberate indifference" is more than mere negligence, *Gamble*, 429 U.S. at 104-06, but "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835. Rather, deliberate indifference requires that the defendant be subjectively aware of a substantial risk of serious harm to the inmate and recklessly disregard that risk. *Id.* at 829, 836.

> Deliberate indifference is an extremely high standard to meet . . . [T]he plaintiff must show that the officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs."

*Domino v. Texas Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001)(quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)).

The defendants argue that Weaver fails to plead facts showing that they were subjectively aware of a substantial risk of serious harm and recklessly disregarded that risk. As noted above, that assertion is correct as to defendant Owusu. Similarly, Weaver fails to plead any facts alleging that defendant Comstock was subjectively aware of Weaver's alleged adverse reaction to the blanket. Instead, Weaver merely pleads that Comstock "[f]ailed to provide adequate procedural modifications to urgent care needs . . . ." This is inadequate to show the subjective knowledge necessary to establish an Eighth Amendment violation.

Weaver does, however, allege that defendants Collier, Gonzalez, and Blake all had personal knowledge of his medical needs. He alleges that, despite this knowledge, defendant Collier "issued a denial of the [plaintiff]'s request . . .," that defendant Gonzalez ignored repeated requests for medical attention, and that defendant Blake ignored repeated requests for medical treatment. Under the liberal reading required on a motion to dismiss, these allegations are sufficient to state a claim for deliberate indifference to Weaver's serious medical needs.

### F. Due Process

Weaver alleges that the defendants' alleged actions constitute an "absolute denial of due process . . . ." Complaint (Doc. # 1) at 5. The due process clause protects against the loss of life, liberty, or property without due process of law. U.S. CONST. amend. XIV. Weaver does not allege the loss of life or property and fails to identify any liberty interest implicated by the defendants' alleged actions or omissions. While Weaver cites section 614.007 of the Texas Health and Safety Code, that provision requires officials to develop a plan for the treatment of inmates' medical needs. Weaver does not allege that no such plan exists, but rather that the defendants neglected to treat his particular medical needs. Because Weaver fails to identify any deprivation of a liberty interest, he fails to state a due process claim.

### G. Statute of Limitations

Finally, the defendants argue that Weaver's complaint is barred by the statute of limitations.

> Because there is no federal statute of limitations for civil rights actions brought pursuant to 42 U.S.C. § 1983, a federal court borrows the forum state's general personal injury limitations period. *Owens v. Okure,* 488 U.S. 235, 249–50, 109 S.Ct. 573, 581–82, 102 L.Ed.2d 594 (1989); *Jackson v. Johnson,* 950 F.2d 263, 265 (5th Cir.1992). In Texas, the applicable limitations period is two years.

*Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993).

Defendants argue that Weaver's claims accrued in 2009, when Weaver was denied renewal of his medical pass for a cotton blanket. Weaver argues that he alleges a continuing tort, and that the limitations period would not begin to run until the last in the continuing run of acts or omissions constituting the tort has occurred.

> While the limitations period is determined by reference to state law, the standard governing the accrual of a cause of action under section 1983 is determined by federal law. *See, e.g., Watts v. Graves,* 720 F.2d 1416, 1423 (5th Cir.1983); *Lavellee v. Listi,* 611 F.2d 1129, 1131 (5th Cir.1980). The standard provides 'that the time for accrual is when the plaintiff knows or has reason to know of the injury which is the basis of the action.'" *Listi*, 611 F.2d at 1131 (quoting *Cox v. Stanton,* 529 F.2d 47, 50 (4th Cir.1975)).

*Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989).

Weaver contends that he is being harmed by the new blankets issued in 2009 when his medical pass was not renewed. Complaint (Doc. # 1) at 4. He also complains, however, that defendants Gonzalez, and Blake have ignored repeated requests for medical attention, and that defendant Collier ignored a request for assistance. "[W]hen a tort involves continuing injury, the cause of action accrues and the limitations period begins to run, at the time the tortious conduct ceases." *Donaldson v. O'Connor*, 493 F.2d 507, 529 (5th Cir. 1974), *vacated and remanded on other grds.*, 423 U.S. 885 (1975).

While Weaver does not specify the dates on which Collier, Blake, and Gonzalez allegedly ignored his requests for help, it is the defendants' burden to prove that a claim is time-barred. *See Eldredge v. Martin Marietta Corp.*, 207 F.3d 737, 743 (5th Cir. 2000). In these motions to dismiss, defendants Collier, Gonzalez, and Blake have not shown that their alleged acts of disregarding plaintiff's medical complaints last occurred more than two years before Weaver filed his complaint. Therefore, they are not entitled to dismissal on limitations grounds.

### III. <u>Conclusion</u>

For the foregoing reasons, the defendants' motions to dismiss (Docs. # 11 and 12) are GRANTED IN PART AND DENIED IN PART. All of plaintiff's claims against defendants Comstock and Owusu are dismissed with prejudice. Plaintiff's claims for money damages

against defendants Collier, Gonzalez, and Blake in their official capacities and his due process claim are dismissed with prejudice.

The motions to dismiss are denied as to plaintiff's Eighth Amendment claims for injunctive relief against defendants Collier, Gonzalez, and Blake, and as to plaintiff's Eighth Amendment claims for money damages against defendants Collier, Gonzalez, and Blake in their individual capacities.

It is so ORDERED.

SIGNED on this 29th day of March, 2019.

_____
Kenneth M. Hoyt
United States District Judge