UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CALVIN EDWARD WEAVER, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:18-CV-1652 |
| | § | |
| BRYAN COLLIER, *et al*, | § | |
| | § | |
| Defendants. | § | |

## **ORDER**

The plaintiff, state inmate Calvin Edward Weaver, has filed a *pro se* complaint under 42 U.S.C. § 1983, alleging violations of his civil rights and he has been granted leave to proceed *in forma pauperis*. The plaintiff has now filed several motions requesting appointment of counsel, most recently on March 25, 2019. (Doc. # 47). The plaintiff's motion is denied for reasons set forth briefly below.

In his pending motion, the plaintiff requests counsel on the grounds that he is indigent, incarcerated, and uneducated. A civil rights plaintiff has no automatic right to the appointment of counsel. *See Hulsey v. State of Texas*, 929 F.2d 168, 172-73 (5th Cir. 1991) (citing *Freeze v. Griffith*, 849 F.2d 172, 175 (5th Cir. 1988); *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982)). The appointment of counsel is not required unless a case presents exceptional circumstances. *See Hulsey*, 929 F.2d at 173 (citing *Ulmer*, 691 F.2d at 212-13). Indigent, uneducated inmates are the norm, not exceptional. The plaintiff therefore does not allege or show that exceptional circumstances warrant the appointment of counsel in this case. If appropriate, the Court will reconsider whether counsel is necessary *on its own motion* at a later date.

It is, therefore, ORDERED that plaintiff's motion for appointment of counsel (Doc. #47) is DENIED.

The Clerk will provide a copy of this Order to the parties.

It is so ORDERED.

SIGNED on this 1st day of April, 2019.

_____
Kenneth M. Hoyt
United States District Judge